## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLAN KING, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO RECOVERY") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

**PARTIES**

5.      Plaintiff is a natural person, a resident of Windham County, Connecticut and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      PORTFOLIO RECOVERY maintains a location at 120 Corporate Blvd, Norfolk, Virginia 23502.

7.      PORTFOLIO RECOVERY uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8.      PORTFOLIO RECOVERY uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      PORTFOLIO RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Connecticut consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Connecticut consumers who were sent letters and/or notices from PORTFOLIO RECOVERY, concerning a debt owned by it, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.     Whether the Defendants violated various provisions of the FDCPA;

    ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to February 1, 2018, Plaintiff allegedly incurred a financial obligation to HOUSEHOLD BANK NA ("HOUSEHOLD BANK").

19.     The HOUSEHOLD BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the HOUSEHOLD BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The HOUSEHOLD BANK obligation did not arise out of a transaction that was for non-personal use.

22.     The HOUSEHOLD BANK obligation did not arise out of a transaction that was for business use.

23.     The HOUSEHOLD BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     HOUSEHOLD BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     At some time prior to February 1, 2018, the HOUSEHOLD BANK obligation of the Plaintiff was purchased by and/or sold to PORTFOLIO RECOVERY.

26.     At the time the HOUSEHOLD BANK obligation was purchased by and/or sold to PORTFOLIO RECOVERY the HOUSEHOLD BANK obligation was past due.

27.     At the time the HOUSEHOLD BANK obligation was purchased by and/or sold to PORTFOLIO RECOVERY the HOUSEHOLD BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28.     At the time the HOUSEHOLD BANK obligation was purchased by and/or sold to PORTFOLIO RECOVERY the HOUSEHOLD BANK obligation was deemed to be a charged-off account by HOUSEHOLD BANK and/or by operation of law.

29.     Defendants caused to be delivered to Plaintiff a letter dated February 1, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30.     The February 1, 2018 letter was sent to Plaintiff in connection with the collection of the HOUSEHOLD BANK obligation.

31.     The February 1, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     Upon receipt, Plaintiff read the February 1, 2018 letter.

33.     The February 1, 2018 letter contained the following statement:

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt,

we will not sue you for it or report payment or non-payment of it to
a credit bureau.

34.     The February 1, 2018 letter also contained the following:



35.     Under the Pay the Full Balance Account Offer ("FULL BALANCE OPTION") in

the February 1, 2018 letter, it stated:

- **1 Payment of** $3,069.65 *

- **6 Monthly Payments of** $511.60 *

- **12 Monthly Payments of** $255.80 *

36.     Each and every offer communicated to Plaintiff under the FULL BALANCE

OPTION was followed by a * symbol.

37.     Under the Choose a Savings Plan Account Offer ("SAVINGS PLAN OPTION")

in the February 1, 2018 letter, it stated:

- **1 Payment(s) of** $920.90 and SAVE $2,148.75 *

- **Pay** $358.13 for 3 consecutive months and SAVE $1,995.26 *

- **Pay $204.64** for 6 consecutive months and SAVE $1,841.81 *

38.     Each and every offer communicated to Plaintiffs under the SAVINGS PLAN

OPTION was followed by a * symbol.

39.     The * symbol next appears in the February 1, 2018 letter preceding a statement

as follows:

**\*We are not obligated to renew this offer.**

40.     In addition, the February 1, 2018 letter contained a date by which the first payment must be received by PORTFOLIO RECOVERY ("PAYMENT RECEIPT DEADLINE").

41.     PORTFOLIO RECOVERY would have accepted a one-time payment for the full balance at any time while it still owned the debt of the Plaintiff.

42.     PORTFOLIO RECOVERY would have accepted a one-time payment for the full balance of the debt of the Plaintiff after the PAYMENT RECEIPT DEADLINE in the February 1, 2018 letter.

43.     PORTFOLIO RECOVERY would have renewed the offer to accept a one-time payment for the full balance at any time while it still owned the debt of the Plaintiff.

44.     PORTFOLIO RECOVERY knew or should have known that its actions violated the FDCPA.

45.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

46.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     Making a false representation of the character, amount or legal status of the debt; and

      (c)     Using a false representation or deceptive means in connection with the collection of a debt.

47.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of Connecticut within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

48.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50.     The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51.     The Defendant's letter would mislead the least sophisticated consumer to believe that one or more of the offers were time-sensitive.

52.     The Defendant's letter would mislead the least sophisticated consumer to believe that one or more of the offers would not be renewed.

53.     Defendants' attempt to collect the alleged debts violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); and § 1692e(10).

54.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiffs and others similarly situated.

55.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiffs and others similarly situated.

56.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the one-time payment under the FULL BALANCE OPTION would or could expire.

57.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing to Plaintiff and others similarly situated that the one-time payment under the FULL BALANCE OPTION may not be renewed.

58.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the one-time payment under the FULL BALANCE OPTION would or could expire.

59.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by deceptively representing to Plaintiff and others similarly situated that the one-time payment under the FULL BALANCE OPTION may not be renewed.

60.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by misleading Plaintiff and others similarly situated into believing that the one-time payment under the FULL BALANCE OPTION could expire.

61.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by misleading Plaintiff and others similarly situated into believing that the one-time payment under the FULL BALANCE OPTION may not be renewed.

62.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

63.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

64.    Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the debt as being time-sensitive.

65.    Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the debt as being time-sensitive.

66.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67.    Defendants violated 15 U.S.C. § 1692e(10) by presenting payment of the debt as being time-sensitive.

68.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated: January 30, 2019

*s/ DanielZemel*
Daniel Zemel, Esq.
**ZEMEL LAW, LLC**
1373 Broad St. Suite 203C
Clifton, New Jersey 07013
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ DanielZemel*
Daniel Zemel, Esq.

# EXHIBIT A

## Portfolio Recovery Associates, LLC

February 1, 2018

Dear ALLAN R KING,

**We know life happens.**
And, at times, customers may fall behind on financial commitments. We understand.

You may have debt, but you also have options. Please contact us. We are standing by and ready to help.

Sincerely,
Portfolio Recovery Associates, LLC

| Account Details |
| --- |
| **Name:** ALLAN R KING |
| **Account Number:** ████1142 |
| **Seller:** ARROW FINANCIAL SERVICES LLC |
| **Merchant:** BEST BUY |
| **Original Creditor:** HOUSEHOLD BANK NA |
| **Creditor to Whom Debt is Owed:** Portfolio Recovery Associates, LLC |
| **Current Balance Due:** $3,069.65 |

### Account Offers

**Pay the Full Balance**

- 1 Payment of $3,069.65*
- 6 Monthly Payments of $511.60*
- 12 Monthly Payments of $255.80*

Your account will be considered "Paid in Full" after your final payment is successfully posted.

**OR**

**Choose a Savings Plan**

- 1 Payment(s) of $920.90 and **SAVE $2,148.75***
- Pay $358.13 for 3 consecutive months and **SAVE $1,995.26***
- Pay $204.64 for 6 consecutive months and **SAVE $1,841.81***

The savings will be applied to the balance and your account will be considered "Settled in Full" after your final payment is successfully posted.

**Your first payment must be received by: 03/16/2018**

***We are not obligated to renew this offer.**

### Contact Us



| Visit us online at: **www.prapay.com** | Call Toll - Free 1-800-772-1413 to discuss your account with us. | Portfolio Recovery Associates, LLC P.O. Box 12914 Norfolk, VA 23541 |
| --- | --- | --- |

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

DEPT 922 ██████
PO BOX 4115
CONCORD CA  94524

████████████████

ADDRESS SERVICE REQUESTED

**Account Number:** ████████1142

**Payment Amount:** _____

ALLAN R KING

94C2
Pay Online at **www.prapay.com**
or mail to:

PORTFOLIO RECOVERY ASSOCIATES LLC
P.O. Box 12914
Norfolk VA 23541